# SAHELIAN LAW OFFICES

23276 South Pointe Drive, Suite 216  Laguna Hills, CA  92653
949. 859. 9200  .  e-mail: sahelianlaw@me.com

Monday, July 27, 2020

*VIA EMAIL disabilityrights@manninglawoffice.com*

Mr. Joseph R  Manning, Jr
**MANNING LAW APC**
20062 SW Birch Street Suite 200
Newport Beach, CA  92660

**Re:  Matter: Rutherford v. Younan, Case Number: 5:20-cv-01204-MWF-SP,
UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA
(Eastern Division - Riverside), The Honorable Michael W. Fitzgerald
REQUEST FOR A CONFERENCE ON A MOTION TO DISMISS;
STIPULATION FOR ADDITIONAL TIME TO FILE A RESPONSIVE PLEADING**

Dear Mr. Manning,

MEET AND CONFER ON MOTION TO DISMISS
James Rutherford, ("Plaintiff"), filed a lawsuit against defendants Naim Mtanios Younan; Nofa Younan, ("Defendants"), asserting claims for injunctive relief under the ADA, during his visit to the business located at Norm's Liquor located at 16286 Foothill Blvd., Fontana (hereinafter "Site").
**The Complaint is Jurisdictionally Defective**
Plaintiff has not alleged the elements of standing in the ADA context. Conclusionary remarks are insufficient to establish Article III's requirement. The Complaint is devoid of the necessary allegations.
Plaintiff alleges: "Plaintiff went to the Business on or about May 15, 2020 for the dual purpose of purchasing store items and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning federal and state law." Complaint ¶ 8; "Unfortunately, although parking spaces were one of the facilities reserved for patrons, there were no designated parking spaces available for persons with disabilities that complied with the 2010 Americans with Disabilities Act Accessibility Guidelines ("ADAAG") on May 15, 2020." Id ¶ 11; "At that time, instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: an access aisle at the only accessible parking space that is ramped up to connect the walkway to the street level creating slopes and cross slopes excessive of 1:48 (Access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. EXCEPTION: Slopes not steeper than 1:48 shall be permitted per Section 502.4); a curb ramp that projects into the accessible parking space access aisle in violation of Section 406.5 (which requires that curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles); the slope of the curb ramp that flares at the curb ramp connecting the accessible parking spaces to the accessible route exceed 10% in violation of Section 406.3 (which requires that the slope does not exceed 10%); and, no accessible routes connecting the parking to the main entrance

or elements within the facility as required by Section 206.2.2 (which requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site, and 206.1 requiring access to the site arrival point (main entrance) from the public street)." Id ¶ 12; "Subject to the reservation of rights to assert further violations of law after a site inspection found infra, Plaintiff asserts there are additional ADA violations which affect him personally." Id ¶ 13; "Plaintiff is informed and believes and thereon alleges Defendants had no policy or plan in place to make sure that there was compliant accessible parking reserved for persons with disabilities prior to May 15, 2020." Id ¶ 14; "Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG." Id ¶ 15; "Plaintiff personally encountered these barriers. The presence of these barriers related to Plaintiff's disability denies Plaintiff his right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA." Id ¶ 16; "The conditions identified supra in paragraph 12 are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, ambulating, sitting, in addition to twisting, turning and grasping objects; Plaintiff is the holder of a disabled parking placard; and because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible route to the accessible entrance, and relate to the proximity of the accessible parking to the accessible entrance." Id ¶ 17; "As an individual with a mobility disability who at times relies upon a wheelchair or other mobility devices, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments." Id ¶18; "Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law." Id ¶ 19; "Upon being informed that the public place of accommodation has become fully and equally accessible, he will return within 45 days as a "tester" for the purpose of confirming their accessibility. Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust, 867 F.3d 1093, 1096 (9th Cir. 2017)." Id ¶ 20; "As a result of his difficulty experienced because of the inaccessible condition of the facilities of the Business, Plaintiff was denied full and equal access to the Business and Property." Id ¶ 21; "The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities." Id ¶ 22; " Without injunctive relief, Plaintiff will continue to be unable to fully access Defendants' facilities in violation of Plaintiff's rights under the ADA." Id ¶ 25.

### a. Injury-in-fact

Missing from the allegations are:

1. The date or dates on each particular occasion on which the Plaintiff encountered the specific access barrier(s);

2. The specific barriers (referring to sections of the ADAAG);

3. The manner in which the barrier(s) are related to his disability;

4. Which of the barrier(s) denied Plaintiff full and equal use or access; or

5. How the barriers deterred Plaintiff, on each particular occasion;

6. Whether Plaintiff was on his own or with an assistant.

The allegations are insufficient to establish standing. Plaintiff avers that he

Although Plaintiff alleges that he is physically disabled, and that he visited the Site and encountered architectural barriers that denied him full and equal access, he does not allege how his disability relates

to the barriers so as to deny him the "full and equal" access that would satisfy the injury-in-fact requirement. In other words, the Complaint does not connect the alleged violations to Plaintiff's disability, or indicate how he encountered any one of them in such a way as to impair his full and equal enjoyment of the Site.

The Plaintiff in Chapman v. Pier 1 Imps. (U.S.), Inc., 631 F.3d 939, 955 used similar incomplete allegations. "Chapman leaves the federal court to guess which, if any, of the alleged violations deprived him of the same full and equal access that a person who is not wheelchair bound would enjoy when shopping at Pier One. Nor does he identify how any of the alleged violations threatens to deprive him of full and equal access due to his disability if he were to return to the Store, or how any of them deter him from visiting the Store due to his disability. Although Chapman may establish standing as to unencountered barriers related to his disability, the list of barriers incorporated into his complaint does nothing more than 'perform a wholesale audit of the defendant's premises.'" Chapman, 955 quotingMartinez v. Longs Drug Stores, Inc., No. CIV-S-03-1843 DFL CMK, 2005 U.S. Dist. LEXIS 23737, at 12 (E.D. Cal. Aug. 25, 2005). "Because Chapman lacked standing at the outset of this litigation to assert the ADA claims, the district court should have dismissed them." Id., 955. (Emphasis added).

**b. Actual or Imminent Injury**

For Plaintiff to have standing, he must show evidence of "concrete travel plans" to show "that a disabled plaintiff intends to visit a facility." Here, the Complaint is silent as to: 1. Plaintiff's current residence;

2. Distance from his residence to the Site;

3. Previous visit(s) to the Site;

4. Connection to the geographic area;

5. A sincere (concrete, credible and plausible) plan to return.

Clearly, Plaintiff has averred none of the elements sufficient to establish injury-in-fact and actual or imminent injury. Because Plaintiff lacks Article III standing at the outset of this litigation to assert the ADA claims, the Court will dismiss the action.

**Request that the Parties Meet and Confer**

Defendant intends to file a Motion to Dismiss under (Fed. R. Civ. P. 12(b)(1)). I am available to discuss these issues immediately, as we are constrained time-wise (unless Plaintiff is willing to stipulate to an extension to file a responsive pleading for Defendant to avoid a default).

Yours truly,



Ara Sahelian, Esq.

cc: Attorney Phyl Grace